
FILED _____ ENTERED
LOGGED _____ RECEIVED

MAR 27 2018

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627

March 27, 2018

Re:   *USA v. Odongo,*
      Criminal Case No. 8:17-mj-02738-GLS-1

## MEMORANDUM TO COUNSEL

This memorandum confirms the trial date that has been set in this case as discussed during our March 13, 2018 telephone conference. This memorandum also provides the schedule for this case and sets forth certain instructions relating to trial preparation.

| | |
|---|---|
| **April 3, 2018** | Government's response to Motion for Attorney-Conducted Voir Dire (ECF 24) |
| **April 3, 2018** | **Deadline for Motions in Limine** |
| **April 17, 2018** | Deadline for submitting: a joint statement of facts (no more than one short paragraph); Joint Proposed Voir Dire Questions, Jury Instructions, and Verdict Form; Joint Pretrial Order; any Unagreed Proposed Voir Dire Questions, Jury Instructions, and Special Verdict Forms; and a copy of all exhibits in an exhibit binder |
| **April 17, 2018** | Deadline for Responses to Motions in Limine |
| **Tuesday, April 24, 2018 at 10:00AM** | Pretrial Conference and Motions In Limine Hearing in Judge Simms' Chambers, Suite 355A |
| **Tuesday, May 22, 2018 at 8:30AM** | Jury Selection and two-day trial to begin; courtroom in Greenbelt U.S. District Courthouse to be determined. |

## Joint Statement Of Facts

You should submit a brief **Joint** Statement Of Facts (no longer than one paragraph). The Statement Of Facts shall explain the nature of the case in general terms. If you cannot agree on a joint statement, you may submit a separate statement.

## Voir Dire, Jury Instructions, and Verdict Forms

The Court prefers to use the standard jury instructions found in the latest edition of the *Modern Federal Jury Instructions* series by Sand & Siffert et. al. Attached you will find some of the **standard jury instructions** that I propose to use, and it is not necessary to include these instructions in your submission.

You should submit proposed **joint** voir dire questions, proposed joint jury instructions on issues specifically relating to this case, and a proposed joint special verdict form. You may submit separately any voir dire questions, jury instructions, and special verdict forms upon which you cannot agree. However, it is expected that counsel will be able to reach agreement as to the vast majority of the jury instructions. In this regard, you should be guided by the applicable pattern instructions. All of your proposed voir dire questions, jury instructions, special verdict forms, and proposed pretrial order should be filed electronically via the CM/ECF system, submitted in hard copy to my Chambers, and emailed, as Microsoft Word documents, to chambers at **mdd_glschambers@mdd.uscourts.gov**.

Your proposed jury instructions should (a) be typed one per page; (b) be numbered and assembled in the order in which you request that they be read to the jury; and (c) include a citation of the authorities supporting the instruction. Any request for an instruction ordinarily should be based on the pattern *Modern Federal Jury Instructions*. Submissions should be in Microsoft Word format with the changes or modifications made using the "Track Changes" function.

## Trial

Consistent with Local Rule 211, the parties should be mindful that:

The provisions of L.R. 107.2, 107.5(a), and 107.5(b) (to the extent that under otherwise applicable law exhibits must be disclosed prior to trial, 107.5(c), 107.6, 107.7, 107.8, 107.9, 107.10, 107.11, 107.13, 107.14, ad 107.16 apply to criminal proceedings.

**If you have any videotaped evidence that you would like the court to review for admissibility at trial, you must bring it to the Pretrial Conference.**

## Use of Courtroom Equipment

Please be prepared to advise me at the conference if you would like to use at trial any courtroom equipment. The court has available for your use DVD players and monitors, x-ray boxes, and one electronic evidence presenter. The electronic evidence presenter may be reserved on a first come, first served basis in cases which are expected to last longer than one week and involve numerous documents. **If you have audio or video exhibits, you must contact the Clerk's Office at (301) 344-3122 to schedule a technology briefing.**

Despite the informal nature of this letter, it is nonetheless an order of the Court and the Clerk is directed to docket it as such.

Sincerely yours,

/s/
Gina L. Simms
United States Magistrate Judge

Attachments

FILED  ENTERED
LOGGED  RECEIVED
MAR 2 7 2018
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY            DEPUTY

## ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

## CONDUCT OF COUNSEL

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All questions of law must be decided by the Court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the Court for a ruling on the law.

## REPRIMAND OF COUNSEL

During the course of the trial, I may have admonished an attorney. You should draw no inference against the attorney or the client. It is the duty of the attorneys to offer evidence and press objections on behalf of their side. It is my function to cut off counsel from an improper line of argument or questioning, to strike offending remarks and to correct counsel when I think it is

necessary. But you should draw no inference from that. It is irrelevant whether you like a lawyer or whether you believe I like a lawyer.

## IMPROPER CONSIDERATION: RACE, RELIGION, NATIONAL ORIGIN, SEX OR AGE

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, sex or age.

All persons are entitled to the presumption of innocence and the government has the burden of proof. Our judicial system cannot work unless you reach your verdict exclusively by a through, fair, and impartial consideration of the evidence or lack of the evidence in the case.

## STIPULATION OF FACTS

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

## CREDIBILITY OF WITNESSES

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## USE OF NOTES

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.